Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, brought in the circuit court of Panola, by Brooks against Miller. The defendant pleaded non assumpsit, to which there was a replication, and a special plea of payment, which concluded with these words : “ And he herewith files his bill of particulars, and will insist upon them as an offset.” No bill of particulars was in fact filed, nor was thére any replication to this last plea. It does not appear that any evidence was offered under it. A verdict and judgment were rendered for the plaintiff. The want of replication to the last plea, is the only error assigned.
This objection would be fatal, were the plea itself a good one. But the plea itself was incomplete, because the bill of particulars, which it purported to set out, was never in fact filed. The plaintiff could not certainly know what replication to file, until the account, containing the set-off, was exhibited. Our statute, H. & H. 590, enacts, that every such plea shall be accompanied by an account, distinctly stating the items thereof, and in the absence of such account, the defendant shall not be entitled to prove before the jury, such set-off or payment. It is manifest that the defendant, in this instance, could not have given any evidence under this plea for want of the account. The plaintiff, therefore, had a right to disregard it, and the failure to file a replication constitutes no ground of reversal. Had the plea been one of payment, without an averment that the account was filed, the decision, according to Webster v. Tiernan, 4 How. 352, would have been different. Under such plea an actual payment might have been proven. But this plea negatives the idea of an actual payment, and shows that the party intended to rely on a set-off. It is insufficient for that purpose. Any evidence of actual payment, however, might have been given under the general issue; so that it is not at all probable that the party has sustained any injury.
The judgment of the court below will be affirmed.